UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────
FAIR HOUSING JUSTICE CENTER, INC.,

                    Plaintiff,

       -against-

203 JAY ST. ASSOCIATES, LLC., AMTRUST
REALTY CORP., and WOODS BAGOT
ARCHITECTS, P.C.,

                Defendants.
───────────────────────────────
WOODS BAGOT ARCHITECTS, P.C.,

    Defendant/Third-Party Plaintiff,

       -against-

JFG ARCHITECTS,

       Third-Party Defendant.
───────────────────────────────
AMTRUST REALTY CORP. and 203 JAY ST.,

    Defendants/Third-Party Plaintiffs,

       -against-

BRAVO BUILDERS, LLC.,

       Third-Party Defendant.
───────────────────────────────

**MEMORANDUM & ORDER
21-CV-1192 (NGG) (JRC)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pending before the court are Magistrate Judge James R. Cho's Report and Recommendation ("R&R") on Defendant/Third-Party Plaintiff Woods Bagot Architects, P.C.'s ("Woods Bagot") motion for leave to amend its Third-Party Complaint, and Woods Bagot's Objections to that R&R. (*See* Not. of Mot. to Amend (Dkt. 118); R&R dated June 14, 2024 (Dkt. 135) ("R&R"); Objections to R&R (Dkt. 138).) For the reasons stated below, the R&R is ADOPTED in full.

## I.   BACKGROUND

As discussed in detail in the court's prior Memorandum & Order, the court assumes familiarity with the background of this case brought against the owners, developers, and architects of a residential apartment building known as "The Amberly" located in Kings County, New York. This action concerns The Amberly's accessibility for people with disabilities who use wheelchairs and is filed pursuant to the Fair Housing Act ("FHA") and related federal and state civil rights laws. (*See* Mem. & Order dated September 6, 2023 ("M&O") (Dkt. 116) at 1-3; *see also* R&R at 3-4.)

## II.   LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made" by a magistrate judge in an R&R. 28 U.S.C. § 636(b)(1)(C). Where a party timely and specifically objects, the court conducts a *de novo* review of the contested portions of the R&R. *Fischer v. Forrest*, 286 F. Supp. 3d 590, 601 (S.D.N.Y. 2018). "However, when a party makes only conclusory or general objections, or simply reiterates his original arguments, the court reviews the report and recommendation strictly for clear error." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 715 (S.D.N.Y. 2020).[1]

## III.   DISCUSSION

Plaintiff raises three objections to the R&R. (*See generally* Objections to R&R.) The court addresses each objection below.

Plaintiff first objects on the basis that the Magistrate Judge has committed "fundamental error" in applying New York's contribution statute, C.P.L.R. § 1401 by "analyzing the viability of Woods

---

[1] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

Bagot's contribution claim" outside of the "FHA context." (Objections to R&R at 3-4.) This objection is without merit. While it is true that Judge Cho did not cite to cases concerning FHA violations, this court did so in its initial Memorandum & Order, which already established that "claims for partial indemnification or contribution that are proportionate to fault are allowed under the FHA." (M&O at 6-8, 20.) This court further concluded that the Indemnification Clause found in the Architectural Services Agreement between 203 Jay St. Associates, LLC and Woods Bagot, "does not pose an obstacle to the intended purpose and effect of the FHA" given that it required Woods Bagot to indemnify Owner Defendants for losses in connection with the performance of services furnished by Woods Bagot, and that such losses would be reduced proportionally to reflect the contribution of any act or omission by Woods Bagot. (*Id.* at 7-8.) These findings set the context and contours of the motion to amend as well as Judge Cho's R&R.

Nevertheless, Woods Bagot argues that in failing to consider cases based on alleged violations of the FHA, Judge Cho did not undergo a sufficient analysis of Woods Bagot's contribution and partial common law indemnification claims. (Objections to R&R at 3, 7.) While the court would conclude this is a general objection that needs no further analysis, a *de novo* review of Woods Bagot's proposed Amended Third-Party Complaint based on its other objections discussed *infra*, requires the same result as recommended by Judge Cho.

Woods Bagot also objects to Judge Cho's recommendation denying Woods Bagot's motion to add a contribution claim, arguing that he did so relying on the undersigned's prior rulings based on Wood Bagot's original Third-Party Complaint rather than its proposed Amended Third-Party Complaint. (*Id.* at 5.) This argument is disingenuous and inaccurate.

3

Specifically, Judge Cho explains:

> As Judge Garaufis recognized, New York's contribution statute does not cover "purely economic loss resulting from a breach of contract," but requires "some form of tort liability." 9/6/23 M&O at 20-21. Finding that Woods Bagot's contribution claim was "grounded in contract rather than tort," Judge Garaufis dismissed the claim. *Id.* at 21-22 ("Woods Bagot has failed to allege any form of tort liability against JFG."). Judge Garaufis held that "[a] plaintiff cannot circumvent [the tort requirement] by asserting a negligence claim grounded in a duty created by contract." *Id.* at 21. Those rulings are the law of the case. *See Arizona v. California,* 460 U.S. 605, 618 (1983) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."). (R&R at 7.)

In the very next paragraph, Judge Cho *reviews the proposed Amended Third-Party Complaint* to find that Woods Bagot has not corrected the deficiencies identified by this court, but rather "adds a few conclusory allegations that continue to assert that JFG owed a duty of care to Woods Bagot arising out of the purported *contract* between Woods Bagot and JFG, and that JFG breached that duty." (*Id.*) (emphasis in original). Judge Cho further explains that Woods Bagot's motion to amend focuses largely on how the undersigned erred in concluding that Woods Bagot failed to allege a basis for tort liability against JFG as required to raise a contribution claim. (*Id.*) The R&R adds that a motion to amend is not the appropriate vehicle to argue for reconsideration of the undersigned's ruling on issues of law. (*Id.* at 8.)

4

It is inaccurate to suggest that Judge Cho erred in reiterating this court's prior rulings when Woods Bagot improperly sought to relitigate those issues. (*See* Mem. in Support of Mot. to Amend (Dkt. 118-7) at 4-6 (arguing that while the court observed that New York's contribution statute requires some form of tort liability, "liability under the Fair Housing Act sounds in tort").)

In any event, a *de novo* review of case law and the proposed Amended Third-Party Complaint make clear that (1) this court's previous ruling that Woods Bagot cannot circumvent the tort requirement by asserting a negligence claim grounded in contract still stands; (2) such ruling stands in light of cases in the FHA context; and (3) the proposed Amended Third-Party Complaint fails to allege the requisite tort separate from a contractual benefit.

Starting with the court's ruling that contribution under CPLR § 1401 requires some form of tort liability to invoke the statute, Woods Bagot assumes that because liability under the FHA sounds in tort, its contribution claim must be permitted on that basis. (*Id.* at 4-6.) Not so.

In *Clover Communities Beavercreek, LLC v. Mussachio Architects P.C.*, 676 F. Supp. 3d 82, 92-93 (N.D.N.Y. 2023), a case cited by Woods Bagot in its Objections to the R&R, the Northern District of New York found that plaintiffs' contribution claims under CPRL § 1401 were not preempted because the parties liable under the FHA were not attempting to "completely insulate themselves from liability."[2] The court then considered plaintiffs' other claims and adopted the reasoning of out-of-circuit courts to determine that when

> considering whether claims such as breach of contract and professional malpractice are preempted by the FHA

---

[2] The undersigned came to the same finding in this action. (*See* M&O at 6-8, 20.)

[the court must] consider whether the claims seek to vindicate an obligation owed independently of the FHA or whether the claims are merely reiterations of an indemnification or contribution claim seeking to vindicate FHA violations. *Id.* at 93.

The *Clover* court did not conclude that because liability under the FHA sounds in tort, the contribution, breach of contract, and professional malpractice claims are all permissible. Instead, the court reiterated New York law, concluding that state law claims must be grounded in obligations independent of the FHA.

And in that case, the court found that plaintiffs' breach of contract claim was sufficiently distinct from an indemnification claim for FHA violations because plaintiffs alleged that the defendant Mussachio Architects breached its contracts by "failing to provide designs on each of the Projects that are compliant with the FHA" *and* that Mussachio Architects "breached its contractual duty to inform the owner of each project of any deviations, defects or deficiencies." *Id.* at 93-94.

The *Clover* court's analysis is instructive. There, the court concluded that because there were allegations with respect to obligations owed under the FHA as well as separate and distinct allegations specific to the contracts, the breach of contract claim was permissible. *See also Kaufman v. P&G Brokerage Inc.,* 209 N.Y.S.3d 270, 287 (Sup. Ct. Kings Cnty. 2024) ("[T]he Court of Appeals has held that contribution does not lie in contract cases but that a case that sounds in both breach of contract *and* tort does not of itself bar contribution.") (emphasis added). Thus, while it is true that FHA violations sound in tort, a contribution claim under New York law must still allege a tort separate and distinct from the FHA to invoke the statute.

Turning to Woods Bagot's proposed Amended Third-Party Complaint, the court concludes that the additional allegations do not establish the requisite independent tort claim to add its requested

contribution claim. Specifically, Woods Bagot adds, *inter alia*, the following allegations:

- On or about November 12, 2013, [Woods Bagot] entered into a consulting agreement with JFG to provide professional architectural services in connection with the design of the building that is the subject of Plaintiff's Amended Complaint (the "Project").

- On or about September 11, 2014, [Woods Bagot] and JFG entered into an agreement pursuant to an email proposal from JFG to provide Construction Administration services including, but not limited to: reviewing and coordinating shop drawings; responding to Requests for Information; issuing sketches; and issuing revised contract drawings.

- Pursuant to its contracts with [Woods Bagot], JFG owed [Woods Bagot] a duty to exercise due care in the performance of its professional services.

- To the extent JFG's designs violated applicable accessibility laws, JFG breached a duty of care owed to [Woods Bagot] and to Plaintiff. (*See* Ex. B to Mark Seiden Decl. ("Proposed Amended Third-Party Complaint") (Dkt. 118-3) ¶¶ 9-10, 14-15.)

The allegations provided, as argued by Woods Bagot, are purporting to establish that should Woods Bagot be found in violation of the FHA or other accessibility laws for its designed features in The Amberly, then JFG must also be in violation for its participation in creating those designs. (*See* Objections to R&R at 5.) However, these allegations all stem from contracts and email proposals between Woods Bagot and JFG; indeed, they are appended to Woods Bagot's papers for the instant motion. (*See* Exs. A & B to Matthew Stephenson Aff. (Dkt. 118-4).)

While there are allegations elsewhere in the proposed Amended Third-Party Complaint that suggest Woods Bagot is asserting

negligence on the part of JFG for its part in rendering design services, there are simply no allegations pointing to how this negligence is in violation of the FHA as opposed to JFG's contractual obligations. *See Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 390 (1987) ("Merely charging a breach of a 'duty of due care', employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim.").

Accordingly, Wood Bagot's objections with respect to the contribution claim are overruled.

Finally, Woods Bagot objects to the Magistrate Judge's analysis of common law indemnification, arguing that the R&R "applies a different standard . . . than this Court applied in the Memorandum & Order granting JFG's motion to dismiss the original Third-Party Complaint." (Objections to R&R at 7.) Specifically, Woods Bagot argues that the R&R suggests that implied indemnification is only proper in the case of special relationships and that the undersigned did not reference this "purported limitation" on common law indemnity claims. (*Id.* at 9.)

Whether this court referenced the word "special" in describing the elements of common law indemnification in its Order is of no import when that is a requirement under New York State and Second Circuit law and is explicitly mentioned in the cases the undersigned relied upon when discussing indemnification. (*See* M&O at 22 (citing *Mathis v. United Homes*, LLC, 607 F. Supp. 2d 411, 433-34 (E.D.N.Y. 2009) ("Nevertheless, implied indemnification is only available if an agreement to indemnify can be implied between the parties . . . due to some special relationship that exists between them or some obligation imposed by law."); *City of New York v. Black & Veatch*, No. 95-CV-1299 (LAP), 1997 WL 624985, at *11 (S.D.N.Y. Oct. 6, 1997) (noting that a "party must show facts demonstrating that there is something 'special' about the contractual relationship that would warrant implying

in fact a contract for indemnification").) *See also Peoples' Democratic Republic of Yemen v. Goodpasture, Inc.*, 782 F.2d 346, 351 (2d Cir. 1986) ("[A]n implied right to indemnification may be based on the special nature of a contractual relationship between parties.").

As such, the court deems this objection conclusory and reviews the relevant portion of the R&R for clear error. Finding none, the court ADOPTS the recommendation denying Woods Bagot's motion to add a partial indemnification claim.

## IV. CONCLUSION

Finding no merit to any of Third-Party Plaintiffs' objections, the court ADOPTS IN FULL the Magistrate Judge's R&R.

SO ORDERED.

Dated:   Brooklyn, New York
         August 23 2024

                                    _s/_Nicholas.G. Garaufis
                                    NICHOLAS G. GARAUFIS
                                    United States District Judge

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

FAIR HOUSING JUSTICE CENTER, INC.,

                  Plaintiff,

      -against-

203 JAY ST. ASSOCIATES, LLC, AMTRUST REALTY
CORP., and WOODS BAGOT ARCHITECTS, P.C.,

                  Defendants.

-------------------------------------------------------------------x

WOODS BAGOT ARCHITECTS, P.C.,

                  Third-Party Plaintiff,

      -against-

STEVEN KIRK MASON d/b/a REALMS
ARCHITECTURAL and JFG ARCHITECTS,

               Third-Party Defendants.

-------------------------------------------------------------------x

AMTRUST REALTY CORP. and 203 JAY ST.
ASSOCIATES, LLC,

                  Third-Party Plaintiffs,

      -against-

BRAVO BUILDERS, LLC,

               Third-Party Defendant.

-------------------------------------------------------------------x

REPORT AND
RECOMMENDATION

No. 21-CV-1192-NGG-JRC

JAMES R. CHO, United States Magistrate Judge:

      On March 5, 2021, plaintiff Fair Housing Justice Center, Inc. ("plaintiff" or "FHJC")

commenced this civil rights action against defendants 203 Jay St. Associates, LLC, Amtrust

Realty Corp. (the "Owner defendants"), and Woods Bagot Architects, P.C. ("Woods Bagot")

(collectively, "defendants") concerning the accessibility of a residential apartment building.   *See*

*generally* Compl., Dkt. 1; Am. Compl. Dkt. 15.   The Owner defendants, in turn, asserted cross-

claims against Woods Bagot.   *See* Dkts. 37, 38.   Woods Bagot brought cross-claims against the

Owner defendants, and third-party claims against JFG Architects ("JFG") and Steven Kirk

Mason, d/b/a Realms Architectural ("Realms Architectural") for contribution, indemnification,

breach of contract and negligence.   *See* Dkt. 33.

By Memorandum and Order dated September 6, 2023, the Honorable Nicholas G.

Garaufis granted third-party defendant JFG's motion to dismiss Woods Bagot's third-party

claims.   *See* Memorandum and Order ("9/6/23 M&O"), Dkt. 116.   However, the District Court

granted Woods Bagot an opportunity to request leave to amend its Third-Party Complaint.

On October 6, 2023, Woods Bagot moved for leave to amend its Third-Party Complaint

to assert claims against JFG for contribution, and for partial common law indemnification.   *See*

Motion for Leave to Amend, Dkt. 118.   JFG opposes the motion on the grounds that the

proposed amendments are futile.   *See* JFG's Opposition to Woods Bagot's motion for leave to

amend its third-party complaint, Dkt. 121.   On January 9, 2024, Judge Garaufis referred Woods

Bagot's motion to this Court.   *See* Order Referring Motion dated Jan. 9, 2024.   For the

following reasons, the Court respectfully recommends denying Woods Bagot's motion to

amend.[1]

---

[1] The Second Circuit has stated that a motion to amend is a "nondispositive" matter that can be
determined by a magistrate judge, pursuant to Fed. R. Civ. P. 72(a), and subject to review under
the "clearly erroneous" standard.   *See Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007).
Accordingly, "[c]ourts in this Circuit typically treat motions to amend as non-dispositive pre-trial
motions."   *Lema v. Fitzcon Constr./Ren Corp.*, No. 20-CV-2311, 2022 WL 1321596, at *1 n.1
(E.D.N.Y. May 3, 2022); *see Prosper v. Thomson Reuters Inc.*, No. 18-CV-2890, 2021 WL
535728, at *1 n.1 (S.D.N.Y. Feb. 11, 2021) (collecting cases).   However, some courts have
suggested that a magistrate judge's denial of a motion to amend a complaint should be treated as
dispositive, while a grant of the same motion should be treated as non-dispositive.   *See, e.g.,
Ashford Locke Builders v. GM Contractors Plus Corp.*, No. 17-CV-3439, 2020 WL 6200169, at
*1 (E.D.N.Y. Oct. 22, 2020) ("unless the magistrate judge's decision effectively dismisses or
precludes a claim, thereby rendering the motion to amend dispositive, motions for leave to
amend are subject to review under the 'clearly erroneous or contrary to law' standard of Rule
72(a).").   Other courts have suggested a distinction between denials based on undue delay or
prejudice, treated as non-dispositive, and denials based on futility, which are treated as
dispositive.   *See Morgan Art Found. Ltd. v. McKenzie*, No. 18-CV-4438, 2021 WL 863264, at

## Background

Plaintiff commenced this action against defendants alleging disability discrimination in connection with the design and construction of a residential apartment building located at 120 Nassau Street in Brooklyn, New York, known as The Amberly.  *See* Am. Compl. ¶¶ 2, 7-8.  The property is a part of a mixed-use condominium development, known as The 203 Jay Street Condominium (the "Condominium"), which is owned by the Owner defendants.  *See id.*

The Owner defendants hired Woods Bagot to perform architectural services for the design and construction of the building.  *See* Prop. Third-Party Compl. ¶ 5, Dkt. 118-2 at ECF page 22.[2]  Woods Bagot, in turn, subcontracted with JFG to provide professional architectural services in connection with the design of the building and to provide construction administration services, including reviewing and coordinating shop drawings.[3]  *See id.* ¶¶ 8-10.  Woods Bagot also subcontracted with Realms Architectural to provide professional accessibility compliance consulting services, including ensuring compliance with federal disability rights laws.[4]  *Id.* ¶¶ 6-7.

Plaintiff, a non-profit organization, conducted an investigation into the Condominium's

---

[1] n.1 (S.D.N.Y. Jan. 22, 2021).   Out of an abundance of caution, since this Court recommends denying Woods Bagot's motion on futility grounds, this decision is issued as a report and recommendation.  *See Pusey v. Delta Airlines, Inc.*, No. 09-CV-4084, 2011 WL 1215081, at *1 (E.D.N.Y. Mar. 30, 2011) ("A magistrate judge's denial of leave to amend, when premised on futility, is a dispositive decision warranting de novo review of any objection to it.").

[2] References to the page numbers generated by the Court's electronic case filing system appear as "ECF page."

[3] By letter dated February 13, 2024, Woods Bagot supplemented its motion by submitting a signed proposal from JFG dated July 30, 2013 to perform architectural consulting services.  *See* Dkt. 127.

[4] On June 7, 2023, Woods Bagot stipulated to dismiss its third-party claims against Realms Architectural.  *See* Dkts. 107, 109.

accessibility for people with disabilities who ambulate using a wheelchair.   *See* Am. Compl.

¶¶ 14, 39.   Based on the results of its investigation, including using testers and an accessibility

expert, plaintiff alleges that the Condominium is inaccessible to people with disabilities.   *Id.*

¶¶ 42, 49.   Plaintiff has asserted claims against defendants arising out of defendants' failure to

design and construct housing accessible to disabled individuals under the Fair Housing Act

("FHA"), 42 U.S.C. §§ 3601 *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law

§ 290 *et seq.*, the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 *et seq.*, and

the New York State Civil Rights Law § 40 *et seq.   See id.* ¶¶ 54-120.

On August 4, 2022, Judge Garaufis denied defendants' motion to dismiss.   *See* 2022 WL

3100557 (E.D.N.Y. Aug. 4, 2022).   As noted above, defendants subsequently asserted cross-

claims against each other and third-party claims against various subcontractors.   *See* Dkts. 33,

37, 38, 41, 42, 49, 50.

On September 6, 2023, Judge Garaufis denied the Owner defendants' motion for partial

summary judgment on their cross-claims against Woods Bagot.   *See* 9/6/23 M&O.   In the same

decision, Judge Garaufis granted JFG's motion to dismiss the third-party claims asserted by

Woods Bagot for contribution, common law and contractual indemnification, breach of contract

and negligence.   *See id.*   First, regarding Woods Bagot's claim for contribution, Judge Garaufis

explained that New York's contribution statute "does not cover 'purely economic loss resulting

from a breach of contract'" and that "'some form of tort liability is a prerequisite to application

of the statute.'"   9/6/23 M&O at 21 (quoting *Bd. of Educ. of Hudson City Sch. Dist. v. Sargent,*

*Webster, Crenshaw & Folley*, 71 N.Y.2d 21, 28 (1987) and *Barbagallo v. Marcum LLP*, No. 11-

CV-1358, 2012 WL 1664238, at *11 (E.D.N.Y. May 11, 2012)).   Recognizing that Woods

Bagot's contribution claim arises from its agreement with JFG, the Court found that Woods

4

Bagot's contribution claim is "undoubtedly grounded in contract rather than tort." *Id.* Thus, since Woods Bagot "failed to allege any form of tort liability against JFG," the Court held that Woods Bagot's contribution claim was "deficient under CPLR § 1401." *Id.* at 21-22.

With respect to Woods Bagot's contractual indemnification claim, the Court found that the Third-Party Complaint failed to identify an indemnification clause in any agreement between the parties. *Id.* at 23. Regarding Woods Bagot's common law indemnification claim, the Court found that such a claim requires that "(1) the party seeking indemnity and the party from whom indemnity is sought have breached a duty to a third person, and (2) some duty to indemnify exists between them." *Id.* at 22 (quoting *Perkins Eastman Architects, P.C. v. Thor Eng'rs, P.A.*, 769 F. Supp. 2d 322, 329 (S.D.N.Y. 2011)). The Third-Party Complaint, however, contained only a "barebones allegation" and did "not allege any facts regarding duties that JFG owes either Woods Bagot or FHJC." *Id.* at 23. Accordingly, Judge Garaufis dismissed the common law indemnification claim as well. *Id.* For essentially the same reasons, Judge Garaufis dismissed Woods Bagot's negligence and breach of contract claims. *See id.* at 23-24 (finding that Third-Party Complaint failed to "detail the existence of any contract with JFG," and failed to allege the source of a duty, "breach of this duty[,] or of injury proximately caused by such a breach").

Woods Bagot now seeks to revive its contribution and common law indemnification claims. Its original Third-Party Complaint contained only two allegations concerning JFG: "in or around 2013, [Woods Bagot] entered into a subcontract agreement with JFG to provide professional architectural services[,]" and "JFG was retained to perform interior design services, design detailing, among other things." Third-Party Compl. ¶ 9, Dkt. 33 at ECF page 24. Its proposed amended pleading relies largely on the very same allegations. Woods Bagot has now provided specific dates on which Woods Bagot and JFG allegedly entered into various

5

agreements and provided a fuller description of the services performed by JFG.   *Compare* Third-Party Compl. ¶ 9, Dkt. 33 at ECF page 24, *with* Prop. Third-Party Compl. ¶¶ 8-10, Dkt. 118-2 at ECF pages 23-24.

## Discussion

### I.   Legal Standards

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, courts ordinarily should grant leave to amend in the absence of bad faith by the moving party, undue prejudice or futility. *See Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603-04 (2d Cir. 2005); *Friedl v. City of New York*, 210 F.3d 79, 87 (2d Cir. 2000).   Leave to amend may be denied based on futility where the proposed amendment would not survive a motion to dismiss.   *See Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002); *In re Curaleaf Holdings, Inc. Sec. Litig.*, 519 F. Supp. 3d 99, 111 (E.D.N.Y. 2021).   Generally, on a motion to amend, the court accepts the factual allegations in the proposed amended complaint as true, and does not consider any evidence except that which is included in or incorporated by reference in the amended complaint. *See Nettis v. Levitt*, 241 F.3d 186, 194 n.4 (2d Cir. 2001) ("Determinations of futility are made under the same standards that govern Rule 12(b)(6) motions to dismiss."), *overruled on other grounds, Slayton v. Am. Exp. Co.*, 460 F.3d 215 (2d Cir. 2006); *Seemann v. Coastal Env't. Grp., Inc.*, 219 F. Supp. 3d 362, 367 (E.D.N.Y. 2016).

### II.   Contribution Claim Pursuant to C.P.L.R. § 1401

New York's contribution statute, section 1401 of the Civil Practice Law and Rules, provides that "two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom

contribution is sought." N.Y. C.P.L.R. § 1401. "CPLR 1401 had its genesis in tort law and in the complications surrounding the apportionment of liability among joint tort-feasors." *Sargent*, 71 N.Y.2d at 27. Thus, although it is the "fact of liability to the same person for the same harm rather than the legal theory upon which *tort liability* is based which controls . . . it is nonetheless true that the existence of some form of tort liability is a prerequisite to application of the statute." *Id.* at 28 (internal quotations and citation omitted) (emphasis in original).

As Judge Garaufis recognized, New York's contribution statute does not cover "purely economic loss resulting from a breach of contract," but requires "some form of tort liability." 9/6/23 M&O at 20-21. Finding that Woods Bagot's contribution claim was "grounded in contract rather than tort," Judge Garaufis dismissed the claim. *Id.* at 21-22 ("Woods Bagot has failed to allege any form of tort liability against JFG."). Judge Garaufis held that "[a] plaintiff cannot circumvent [the tort requirement] by asserting a negligence claim grounded in a duty created by contract." *Id.* at 21. Those rulings are the law of the case. *See Arizona v. California*, 460 U.S. 605, 618 (1983) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.").

Woods Bagot's amended contribution claim fails to correct the deficiency identified by the Court. Instead, Woods Bagot adds a few conclusory allegations that continue to assert that JFG owed a duty of due care to Woods Bagot arising out of the purported *contract* between Woods Bagot and JFG, and that JFG breached that duty. *See* Proposed Third-Party Compl. ¶ 14 ("Pursuant to its *contracts* with [Woods Bagot], JFG owed [Woods Bagot] a duty to exercise due care in the performance of its professional services.") (emphasis added); *id.* ¶ 15. Woods Bagot largely argues in its memorandum of law in support of its motion to amend that the Court erred in holding that Woods Bagot failed to allege any tort liability, because "liability under the Fair

Housing Act sounds in tort." *See* Woods Bagot's Mem. at 5, Dkt. 118-7.   However, a motion to

amend is not the appropriate vehicle for Woods Bagot to argue for reconsideration of Judge

Garaufis' rulings on issues of law on a motion to dismiss.   *See* Local Civil Rule 6.3 (requiring

that moving party set forth "the matters or controlling decisions which counsel believes the Court

overlooked").   In any event, as Judge Garaufis held, Woods Bagot has not alleged a basis for tort

liability against JFG as required for a viable contribution claim.   Thus, notwithstanding the

amendments made to the Third-Party Complaint, the only duty described in the pleading arises

out of a contractual relationship, which cannot serve as the basis for a contribution claim.   *See*

*Morse/Diesel, Inc. v. Trinity Indus., Inc.*, 859 F.2d 242, 250 (2d Cir. 1988) ("The only obligations

of the third-party defendants whose alleged breach gives rise to claims for contribution were

contractual in nature, resulting from their respective subcontracts with Morse.").

The Second Circuit's decision in *Morse/Diesel* is instructive.   There, Morse/Diesel was

the general contractor on a hotel construction project, which commenced an action against

Trinity, one of its subcontractors, for breach of contract.   Trinity, in turn, brought third-party

claims for contribution against other subcontractors of Morse/Diesel seeking damages for

negligence in failing to perform their contractual obligations with due care.   The Second Circuit

found that "merely charging a breach of a 'duty of due care,' employing language familiar to tort

law, does not, without more, transform a simple breach of contract into a tort claim."   *Id.* at 249-

50.   The Court found that any obligations "which the third-party defendants failed to perform []

were essentially contractual in nature," thereby precluding the ability to "impose liability for

contribution under New York law."   *Id.* at 250.

Similarly, here, the third-party claims brought by Woods Bagot, although using terms

sounding in negligence, allege that JFG failed to adequately perform under its subcontract with

Woods Bagot.   Like the subcontractor in *Morse/Diesel*, Woods Bagot attempts to circumvent Judge Garaufis' ruling by reformulating its breach of contract claim for JFG's substandard performance under the contract as one for contribution.   *Compare* Third-Party Compl. ¶¶ 24-25, Dkt. 33 at ECF page 27 ("WB and JFG entered into a valid and enforceable contract wherein JFG was obligated to perform architectural design and consulting services and/or related work and services at and within the [Condominium].   In breach of their contractual obligation, JFG did not perform its respective services in accord with the express and implied covenants of those contracts."), *with* Proposed Third-Party Compl. ¶¶ 14-15, Dkt. 118-2 at ECF pages 24-25 ("Pursuant to its contracts with [Woods Bagot], JFG owed [Woods Bagot] a duty to exercise due care in the performance of its professional services.   To the extent JFG's designs violated applicable accessibility laws, JFG breached a duty of care owed to [Woods Bagot] and to Plaintiff.").   However, since Woods Bagot continues to rely on the breach of a duty to exercise due care in the performance of a contract, its contribution claim must fail.   *See Sommer v. Fed. Signal Corp.*, 79 N.Y.2d 540, 551 (1992) ("merely alleging that the breach of contract duty arose from a lack of due care will not transform a simple breach of contract into a tort"); *Sargent,* 71 N.Y.2d at 29 ("[m]erely charging a breach of a 'duty of due care,' employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim") (quoting *Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 70 N.Y.2d 382, 390 (N.Y. 1987)); *Landtek Grp., Inc. v. N. Am. Specialty Flooring, Inc.*, No. 14-CV-1095, 2016 WL 11264722, at *32 (E.D.N.Y. Aug. 12, 2016) ("Because Pioneer's breach (to the extent a breach existed) was solely contractual in nature based on its subcontract with Landtek, any allegation of negligence based upon substandard performance cannot transform the breach of contract claim into one sounding in tort."), *report and recommendation adopted*, 2016 WL 8671839 (E.D.N.Y. Sept. 16, 2016);

*MTA v. Systra Consulting Inc.*, No. 07-CV-1010, 2008 WL 11438071, at *7 (E.D.N.Y. Dec. 30, 2008) (in dismissing third-party claim for contribution, rejecting argument that section 1401 applies because "professionals may be subject to tort liability for failure to exercise reasonable care, irrespective of their contractual duties").   As Judge Garaufis held, because JFG's alleged breach was contractual in nature based on its subcontract with Woods Bagot, allegations of negligence cannot transform a breach of contract claim into a tort claim.   *See* 9/6/23 M&O at 21 (Woods Bagot's negligence claim is "grounded in contract rather than tort").   Of course, Woods Bagot was also free to contract with JFG so as to limit the scope of its liability.   Since Woods Bagot failed to do so, it cannot now "reach back and seek contribution" from JFG.   *See Landtek Grp.*, 2016 WL 11264722, at *32.

Since a claim for contribution under section 1401 must arise from an underlying tort liability, Woods Bagot's proposed contribution claim would be futile.   Accordingly, this Court respectfully recommends denying Woods Bagot's motion to add a contribution claim.

## III.   Partial Common Law Indemnification Claim

Judge Garaufis dismissed Woods Bagot's original common law indemnification claim based on Woods Bagot's failure to allege sufficient facts "regarding duties that JFG owes either Woods Bagot or [plaintiff]."   *See* 9/6/23 M&O at 23.   Now, Woods Bagot argues that it has cured this deficiency by alleging the scope of work conducted by JFG that included JFG providing Woods Bagot with a full set of floor plans with architectural dimensions.   *See* Wood Bagot's Mem. at 7; Proposed Third-Party Compl. ¶¶ 9, 10, Dkt. 118-2 at ECF pages 23-24.

Under New York law, the right to common law indemnification may be created by an express contractual provision or implied.   *See Rosado v. Proctor & Schwartz*, 66 N.Y.2d 21, 24 (1985).   Here, since Woods Bagot has not alleged that there is an express contractual right to

indemnification between the parties, any right to indemnification must be implied.  *See Komatsu Equip. Co. v. Ravyn & Robyn Constr., LLC*, No. 17-CV-2010, 2018 WL 4853052, at *5 (E.D.N.Y. Sept. 28, 2018), *aff'd*, 789 F. App'x 920 (2d Cir. 2020).

There are two sets of circumstances in which an implied right to indemnification may be found:  (1) "an implied right to indemnification may be based on the *special* nature of a contractual relationship between the parties," known as an "implied contract theory of indemnity" or "implied in fact indemnity" or (2) "a tort-based right to indemnification may be found when there is a great disparity in the fault of two tortfeasors, and one of the tortfeasors has paid for a loss that was primarily the responsibility of the other," known as "implied in law indemnity."[5] *People's Democratic Rep. of Yemen v. Goodpasture, Inc.*, 782 F.2d 346, 351 (2d Cir. 1986) (internal citations omitted) (emphasis added); *see Indus. Water Sols. LLC v. Ravyn & Robyn Constr.*, 789 F. App'x 920, 920-21 (2d Cir. 2020).   In either circumstance, "an indemnity cause of action can be sustained only if the third-party plaintiff and the third-party defendant have breached a duty to the plaintiff and also if some duty to indemnify exists between them." *Rosado*, 66 N.Y.2d at 24 (citation omitted); *see CVS Pharm., Inc. v. Press Am., Inc.*, No. 17-CV-190, 2018 WL 318479, at *6 (S.D.N.Y. Jan. 3, 2018).   "A party's burden of 'establishing an implied agreement to indemnify is a heavy one, especially in business relationships where parties are free to negotiate for express indemnification clauses.'"  *Landtek Grp.*, 2016 WL 11264722, at *34 (quoting *Black*, 1997 WL 624985, at *10).

Woods Bagot's proposed claim appears to invoke the implied contract theory of indemnification.  *See* Proposed Third-Party Complaint ¶¶ 19-20, Dkt. 118-2 at ECF page 25

---

[5] "The distinction between the two forms of implied indemnification is often blurred."  *City of New York v. Black & Veatch*, No. 95-CV-1299, 1997 WL 624985, at *10 (S.D.N.Y. Oct. 6, 1997).

("Pursuant to its contracts with [Woods Bagot], JFG owed [Woods Bagot] a duty to exercise due care in the performance of its professional services.  To the extent JFG's designs violated applicable accessibility laws, JFG breached a duty of care owed to [Woods Bagot] and to Plaintiff.").  However, Woods Bagot has failed to demonstrate that there is anything "special" about its relationship with JFG.  *See Gravatt v. City of New York*, No. 97-CV-0354, 1998 WL 171491, at *22 (S.D.N.Y. Apr. 10, 1998) (requiring "unique special factors demonstrating that the parties intended that the would-be indemnitor bear the ultimate responsibility for the plaintiff's safety, or where there is a generally recognized special relationship between the parties") (internal quotation marks and citation omitted).  "[T]ypes of relationships that can support a claim of implied indemnification include:  master-servant, employer-employee, agent-principal, partner-partner, and owner-guest." *Landtek Grp.*, 2016 WL 11264722, at *33.

Here, the only relationship between Woods Bagot and JFG is the relationship established by the purported contracts between them.  However, "there is nothing special about the contractual relationship between [the parties] that would warrant implying in fact a contract for indemnification." *Goodpasture*, 782 F.2d at 351.  Further, Woods Bagot has not alleged any facts about the agreements or in the parties' dealings "from which an agreement to indemnify could fairly be implied." *Id.* (citation omitted).  Indeed, "[i]f an implied contract for indemnification were to be found here, one would have to be found in nearly every [architectural design] contract that lacked a clause excluding it, a result that would reverse all standard contract and indemnity law." *Id.; Compare* Dkt. 71-1 (Architectural Services Agreement between 203 Jay St. and Woods Bagot containing Indemnification Clause), *with* Dkt. 127-1 (signed proposal between Woods Bagot and JFG does not contain any indemnification provision).

To the extent JFG breached a contractual duty to Woods Bagot, any alleged breach may provide a basis for a breach of contract action, but not an indemnity action. *Goodpasture*, 782 F.2d at 352. In fact, any damages for FHA violations paid by Woods Bagot may be recoverable in a separate breach of contract action as foreseeable consequential damages against JFG. *Id.*

In sum, Woods Bagot attempts to shift partial liability that it would otherwise bear onto JFG. Judge Garaufis previously found that Woods Bagot failed to "allege any facts regarding duties that JFG owes either Woods Bagot or [plaintiff]." 9/6/2023 M&O at 23. Despite the additional conclusory allegations contained in the proposed amendments, Woods Bagot still has not sufficiently pled that JFG breached a duty to plaintiff or that JFG has a duty to indemnify Woods Bagot. *See Hotel 57 L.L.C. v. Integral Contracting Inc.*, No. 22-CV-2554, 2023 WL 6390529, at *2 (S.D.N.Y. Oct. 2, 2023) (dismissing subcontractor's claim for common law indemnification against supplier).

## Conclusion

For the reasons stated above, this Court respectfully recommends denying Woods Bagot's motion to amend its Third-Party Complaint. A copy of this Report and Recommendation is being electronically served on counsel.

Any objections to the recommendations made in this Report must be filed with the Honorable Nicholas G. Garaufis within 14 days after the filing of this Report and Recommendation and, in any event, on or before **June 28, 2024**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of*

*Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

**SO ORDERED**

Dated: Brooklyn, New York
June 14, 2024

s/ James R. Cho
James R. Cho
United States Magistrate Judge